**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**
**AT KANSAS CITY, KANSAS**

| | | |
|---|---|---|
| DAVE SHELDON and<br>DARREN K. KEARNS<br><br>Plaintiffs,<br><br>v.<br><br>TARA KHANAL, et al.<br><br>Defendants. | ) | Case No. 07-CV-2112 KVH/DJW |

**MEMORANDUM IN SUPPORT OF DEFENDANTS NEW YORK COMMUNITY BANK, FORCHELLI, CURTO, SCHWARTZ, MINEO, CARLINO & COHN, LLP AND JAMES CANTANNO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(2) and (6), Defendants New York Community Bank ("NYCB"), Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn, LLP ("Forchelli"), and James Cantanno ("Cantanno") (collectively "Defendants"), by and through their counsel Stinson Morrison Hecker LLP, move this Court for an order dismissing Plaintiffs', Dave Sheldon and Darren Kearns (the "Plaintiffs"), Complaint and specifically, Count II (Bad Faith), Count IV (Abuse of Process-Negligence), Count V (Abuse of Process-Intentional), Count VI (Slander of Title-Negligence), Count VII (Slander of Title-Intentional), Count VIII (Negligence), Count IX (Negligent Misrepresentation), Count X (Fraud By Promise of Future Events and Misrepresentation), Count XI (Fraud by Silence or Omission), Count XII (Conspiracy), Count XIII (Tortious Interference with a Business Relationship), Count XIV (Negligent Interference with a Business Relationship and Economic Relationships), Count XV (Punitive Damages).

Defendants state that the Court lacks personal jurisdiction over them and this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). Defendants also assert that this action is duplicative of litigation pending between the Defendants and Plaintiffs in the Supreme Court

of the State of New York, County of Queens and whereas the New York court acquired jurisdiction over the issues of this case, the Court should apply the *Colorado River* Doctrine and dismiss the courts against these Defendants. Defendants Forchelli and Cantanno further that this law firm and individual attorney are only named in this suit by virtue of their representation of Defendant NYCB and did not owe any independent duties to their client's adversaries, Plaintiffs Sheldon and Kearns and, consequently Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## FACTUAL BACKGROUND

Plaintiffs' allegations and counts alleged in this case against Defendants arise out of the foreclosure of a judgment lien on a parcel of real property located in the state of New York. Plaintiff Sheldon obtained a civil judgment against Carmen Vermonty (who is not a party to this action) and foreclosed on a judgment lien on Vermonty's real property located at 148-18 Laburnum Avenue, Flushing, New York (the "Laburnum Property"). The Supreme Court of New York for Queens County entered a Judgment ordering the sale of the Laburnum property on June 5, 2005. Plaintiff Sheldon executed upon the Judgment by means of a sheriff's auction in Queens County, New York. Defendant NYCB held an interest in the Laburnum Property by virtue of its first mortgage lien and the court's judgment ordered that NYCB "shall be paid the balance of its outstanding mortgage". Plaintiffs purchased the Laburnum Property at the sheriff's sale on February 15, 2006 and the sheriff delivered a deed to them. After the sale, the sheriff distributed the proceeds, however, the distribution to NYCB was approximately $10,000.00 short of the outstanding balance due on the mortgage. The sheriff issued a letter mistakenly indicating the satisfaction of the NYCB mortgage. This letter was filed with the Office of the Register of Deeds for the City of New York for the County of Queens on or about

July 20, 2006. On October 6, 2006, NYCB, through its attorneys, commenced a foreclosure action in the Supreme Court of the State of New York, Count of Queens, in a case styled, *New York Community Bank v. Vermonty, et. al.*, Index No. 06/21862 (the "New York case")[1]. A copy of Defendants' Verified Complaint in the New York is attached as Exhibit A. This foreclosure action named the Vermontys, as the debtors, and Plaintiffs Sheldon and Kearns as the owners of record. The second cause of action stated by NYCB in the New York case requests a judgment cancelling and discharging the filing and purported effect of the sheriff's letter as a satisfaction of the mortgage. The merits of the New York case are not at issue for purposes of this motion, however, the Defendants adamantly state that there is a good faith basis, both legally and factually, for the New York foreclosure action. Plaintiffs were properly served and are actively participating in the suit by virtue of the responsive pleading(s) filed in that action. The New York case is currently pending and has not reached a final judgment.

## ARGUMENT AND AUTHORITIES

### I. INTRODUCTION

Defendants should be dismissed from this case pursuant to Fed. R. Civ. P. 12(b)(2) because of lack of personal jurisdiction. Plaintiffs cannot present any facts that give rise to sufficient contacts that invoke the Kansas long-arm statute. All thirteen counts alleged against Defendants encompass the same issues and parties and the Defendants' New York case. These two cases are parallel and when the *Colorado River* Doctrine factors are applied it is evident that exceptional circumstances exist such that the Court should dismiss Plaintiffs' counts against Defendants. Furthermore, all counts alleged as to Defendants Forchelli and Cantanno should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can

---

[1] In their Complaint, Plaintiffs asked the Court to take judicial notice of the New York case. Defendants further request the Court take judicial notice of the New York case, pursuant to F.R.E. 201 (d).

be granted because this law firm and attorney did not owe any independent duties to its client's adversaries, the Plaintiffs in this case.

## II. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12 (2) FOR LACK OF PERSONAL JURISDICTION.

### A. Standard

Citing the standard described in *Reed v. Phillip Roy Financial Services, LLC*, No.05-2163, 2006 U.S. Dist. LEXIS 31094 (D.Kan. May 9, 2006) (unpublished decision), this court has determined what analysis will support challenges to personal jurisdiction. A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). In order to demonstrate personal jurisdiction sufficient to defeat a motion to dismiss, a plaintiff need only make a prima facie showing that jurisdiction exists. *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987). A plaintiff must ultimately establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984); *Wilson v. Olathe Bank*, No. 97-2458,1998 WL 184470, at *1 (D. Kan., Mar. 2, 1998).

In ascertaining the facts necessary to establish jurisdiction, the court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the defendant's affidavits. *Id.* The plaintiff, however, has the "duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The complaint and any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. *Fed. Deposit*, 959 F.2d at 174.

Whether this court has personal jurisdiction over a moving nonresident defendant is determined by the law of Kansas, as it represents "the law of the forum state." *Yarbrough v. Elmer Bunker & Assoc.*, 669 F.2d 614, 616 (10th Cir. 1982); *see also* Fed. R. Civ. P. 4(e). In analyzing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the court applies a two-part test. First, it determines if the defendant's conduct falls within one of the provisions of the Kansas long-arm statute. Second, it determines whether the defendant had sufficient minimum contacts with Kansas to satisfy the constitutional guarantee of due process. *See Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1357 (10th Cir. 1990).

Under the Kansas long-arm statute, a nonresident submits to the jurisdiction of the State of Kansas as to any cause of action arising from the "transaction of any business" within Kansas. KAN. STAT. ANN. § 60-308(b)(1). *Volt Delta Res., Inc. v. Devine*, 241 Kan. 775, 740 P.2d 1089, 1092 (Kan. 1987). "The transaction of business exists when the nonresident purposefully does some act or consummates some transaction in the forum state." *Anderson v. Heartland Oil & Gas, Inc.*, 249 Kan. 458, 819 P.2d 1192, 1199 (Kan. 1991) (citation omitted). For jurisdiction to exist under subsection (b)(1) of § 60-308, there must be a nexus between the transaction of business and the alleged claim. *Kluin v. Am. Suzuki Motor Corp.*, 274 Kan. 888, 56 P.3d 829, 835 (Kan. 2002).

The Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process. *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt*, 740 P.2d at 1092). Under the due process analysis, the "constitutional touchstone" is "whether the defendant purposely established 'minimum contacts' in the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The plaintiff can establish that the defendant has sufficient "minimum contacts" with the forum state in two ways. General jurisdiction exists when a



DB03/810027.0002/7524915.4

"defendant's contacts with the forum state are so 'continuous and systematic' that the state may exercise personal jurisdiction," even when the claims are unrelated to the defendant's contacts with the forum state. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996) (citation omitted). Specific jurisdiction exists when a defendant purposely avails himself of the privilege of conducting activities within the forum state – thereby invoking the benefits and protections of the state's laws – and the claims against him arise out of those contacts. *Kuenzie v. HTM Sport-Und Freizeitgerte AG*, 102 F.3d 453, 455 (10th Cir. 1996). The purposeful availment requirement ensures that a defendant will not be sued in a foreign jurisdiction solely as a result of the unilateral activity of another party. *Burger King*, 471 U.S. at 475.

Consistent with due process, specific jurisdiction may be conferred over a nonresident defendant where the court's exercise of jurisdiction directly arises from a defendant's forum-related activities. To determine whether specific jurisdiction is appropriate, the court must first decide whether the defendant has such minimum contacts within the forum state "that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Second, the court must then consider whether the exercise of personal jurisdiction offends "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Calif., Solano County*, 480 U.S. 102, 113 (1987). This inquiry requires a determination of whether a district court's "exercise of personal jurisdiction over a defendant with minimum contacts is reasonable in light of the circumstances surrounding the case". *Pro Axess, Inc. v. Orlus Distrib 'n, Inc.*, 428 F.3d 1270, 1279 (10th Cir. 2005).

B. Defendants Never Conducted Business in the State of Kansas.

Based on the standard and analysis above, none of the Defendants transacted business in the state of Kansas, such that the Kansas long-arm statute would impose jurisdiction over these non-

resident Defendants and submit them to the jurisdiction of the state of Kansas. As alleged in Plaintiffs' Complaint, there were no contracts between Plaintiffs and these Defendants. Furthermore, any claims impacting title to the property, its value or loss of value, interference of economic interest, slander of title, etc. revolve around the property located in the state of New York, which is the nexus of any such claims, not the state of Kansas. The only real estate in question concerning the Defendants for this Motion relate to the property situated in the state of New York. But for the Plaintiffs' potential interest in the New York property, Defendants would not have had any contacts in Kansas.

Furthermore, any action taken by Defendants Forchelli and Cantanno were done on behalf of their representation of their client, Defendant NYCB. There is no indication that Defendants Forchelli and Cantanno had an independent interest in the outcome and, therefore, are inappropriate parties to be named in this action, as is further discussed later in this Memorandum.

On page 9 of Plaintiffs' Complaint, they identify that these Defendants only had written and verbal communication in the state of Kansas. The Kansas long-arm statute, Kan. Stat. Ann. §60-308(b)(1), requires that the cause of action arise from the transaction of business. Kansas state courts and federal courts have held that making phone calls and sending correspondence are insufficient to support personal jurisdiction. *Reed v. Philip Roy Financial Services*, No. 05-2153, 2006 U.S. Dist. LEXIS 31094 (D.Kan., May 9, 2006) (alleged actions of defendants making phone calls, sending documents, and transmitting payments are insufficient to support personal jurisdiction); *Far West Capital, Inc. v. Towne*, 46 F.3d 1071 (10th Cir. 1995) (citing *Continental American Corp. v. Camera Controls Corp.*, 692 F.2d 1309, 1314 (10th Cir. 1982) (it is well established that phone calls and letters are not necessarily sufficient in themselves to establish

minimum contacts). Furthermore, Plaintiffs have failed to allege the specific contacts, frequency or extent of any contacts sufficient to establish a prima facie case against these Defendants. *Philips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 857 F.Supp. 789 (D.Kan. 1994) (plaintiff failed to meet its burden to make a prima facie factual showing of personal jurisdiction over defendant based on lack of specific allegation). In each of these cited cases, the court granted defendant's motion to dismiss for lack of personal jurisdiction.

Similarly, Plaintiffs in this case have failed to meet the burden of establishing that personal jurisdiction is properly exercised over these particular Defendants. Plaintiffs' Complaint sorely lacks sufficient facts to support jurisdictional allegations against these Defendants. The limited verbal communications and written communications does not create a substantial connection between these Defendants and Plaintiffs, such that the Defendants purposely availed themselves of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of laws of the state of Kansas and essential claims against them. *Kuenzle v. HTM Sport-Und Freizeitgerte AG*, 102 F.3d 453, 455 (10th Cir. 1996). Based on this analysis and for the above-provided reasons, Plaintiffs' Complaint against Defendants NYCB, Forchelli and Cantanno should be dismissed for lack of personal jurisdiction.

## III. PURSUANT TO THE *COLORADO RIVER* DOCTRINE, THIS CASE IS A PARALLEL ACTION TO THE NEW YORK CASE AND EXCEPTIONAL CIRCUMSTANCES EXIST IN THIS CASE TO JUSTIFY DISMISSAL.

### A. The *Colorado River* Doctrine.

Occasionally a situation will arise, as in this case, involving the contemporaneous exercise of concurrent jurisdiction among federal and state courts. In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the Court established the standard to determine whether a federal court could or should exercise its jurisdiction in the event of

concurrent cases. *Id.; see also, Pope v. KanMap, Inc.*, No. 94-2386, 1994 WL 680235 (D. Kan. Nov. 23, 1994) (unpublished decision) (providing a lengthy analysis of the *Colorado River* Doctrine and subsequent case law). The *Colorado River* Doctrine is a variation of abstention. The Doctrine provides a federal court with the discretion to dismiss or stay a federal action in deference to a parallel action pending in a state court. *See Federated Rural Electric Ins. Co. v. Int'l Ins. Co.*, 884 F. Supp. 439, 444 (D. Kan. 1995) (citing *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 19 (1983)). The court must consider preserving wise judicial administration and conserving judicial resources, while providing for comprehensive disposition of litigation. *Fox v. Maulding*, 16 F. 3d 1079, 1080 (10th Cir. 1994) Abstaining from exercising jurisdiction under the Doctrine is the exception, not the rule, therefore for a court to decline jurisdiction an exceptional circumstance must exist. *Colorado River,* 424 U.S. at 818.

The *Colorado River* Doctrine applies a threshold test to determine whether federal and state court actions are parallel. *Waddell & Reed Financial, Inc. v. Torchmark Corp*, 180 F.Supp. 2d 1235, 1239 (D. Kan. 2001) (citing *Fox v. Maulding*, 16 F. 3d at 1081). Two actions are deemed parallel where the same parties are litigating substantially similar issues. *Fox v. Maulding*, 16 F. 3d at 1081. This analysis is not simply a side-by-side comparison of the causes of action asserted, but rather an examination of the issues to be tried which give rise to the causes of action. *See id.* The Court must examine the state court proceedings as they actually exist to determine whether the action is parallel to the federal proceedings. *Id.* A plaintiff cannot avoid the *Colorado River* Doctrine and destroy the parallel nature of the cases by simply adding additional claims or related defendants to the federal suit. *Waddell & Reed* at 1240.

If federal and state court actions are found to be parallel, the court must apply the factors to determine whether "exceptional circumstances" exist such that the federal court may refrain

from exercising its jurisdiction. *Id.* at 1241. The *Colorado River* Doctrine established four factors for exceptional circumstances: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction. *See Colorado River*, 424 U.S. at 818. In *Moses H. Cone*, the Court provided three additional factors for consideration: (5) vexatious or reactive nature of either filing; (6) whether federal law provides the rule of the decision; and (7) adequacy of the supreme court to protect the federal plaintiff's rights. *Moses H. Cone*, 460 U.S. at 18-23. The court applying these factors should not treat them as a check list, but rather as a balancing of the factors as they apply in any given case, weighing in favor of exercising federal jurisdiction. *See Fox*, 16 F.3d at 1082.

B. The New York Case and the Present Action Involve Substantially Similar Issues and the Same Parties and Are Parallel, and Therefore Under the *Colorado River* Factors This Court Should Decline To Exercise Jurisdiction Over This Case.

The first test for this Court is whether the two actions are parallel. In the New York case, NYCB seeks to foreclose its mortgage lien upon the real property owned by Sheldon and Kearns. NYCB also seeks a determination and order setting aside the sheriff's letter which served as an improper satisfaction of NYCB's mortgage. Implicit in the New York case is a determination of the rights and priority of interest in the property among the parties, including Plaintiffs. In the present case, Plaintiffs assert thirteen tort based counts in laundry list fashion against the Defendants. On the surface these counts appear to be different from the two counts asserted by NYCB in the New York case. However, the question is whether the same issues are presented in both cases – despite the various causes of action arising from the issues.

When the New York case and this federal case are examine as they actually exist, it is evident that the direction of Plaintiffs' causes of action are hinged upon the issue of whether or

not Defendant NYCB, by and through its law firm Forchelli and individual attorney Cantanno properly filed the New York case. Likewise the same issue is currently pending, whether expressly or impliedly in the New York case. Plaintiffs filed a motion to dismiss the New York case stating in their brief similar obligations to the New York case including slander of title, and blackmail and further seeking sanctions against Forchelli and Cantanno pursuant to 22 NYCRR 130-1.1, the New York equivalent to Fed. R. Civ. P. 11. A copy of Plaintiffs' Motion to Dismiss without exhibits is attached hereto as Exhibit B.

In order to determine the Defendants' liability to Plaintiffs, if any, the Court will be required to analyze the facts and allegations of the New York case and perform an analysis of the appropriate New York law. Thus even though on the face of Plaintiffs' Complaint the causes of action appear to be different than those of the New York case, when the surface is scratched, the central issue is whether Defendants' New York case is proper.

Plaintiffs' inclusion of Defendants Forchelli and Cantanno does not defeat the parallel status of these actions. A plaintiff cannot add claims or parties in a effort to defeat the threshold test. *See Fox v. Maulding*, 16 F. 3d at 1081. The Court in this case should not be distracted by Plaintiffs' causes of action against Forchelli and Cantanno. It is an uncommon occurrence for a party to sue his adversaries' attorneys for various tort claims. Forchelli and Cantanno are not parties to the New York case. They are the acting counsel for NYCB. Although they are not parties, they are subject to judicial scrutiny in light of the 22 NYCRR 130-1.1 sanctions Plaintiffs' seek against them. To the extent Defendants are required to defend the present action, they must raise as affirmative defenses or counterclaims the same issues presented in the New York case. The instant case and the New York case properly pass the threshold test because both

cases involve the same underlying issues and the same parties and, therefore these cases are parallel.

The second phase of the *Colorado River* Doctrine requires the Court to balance the factors to determine whether exceptional circumstances exist to allow the federal court to refrain from asserting jurisdiction over the case. Factor 1 questions whether one court over another has exercised jurisdiction over property subject to the suit. In the New York case, the Queens County court exercised jurisdiction over the Laburnum property which is subject to foreclosure. The causes of action presented to this Court seek monetary damages, rather than rights and control over the Laburnum property. Nevertheless, the issues this Court must consider are dependant upon the outcome of the New York case and the rights and obligations of the interest parties in the Laburnum property as determined by the Queens County court. Thus, Queens County court has exercised jurisdiction over property in fulfillment of Factor 1.

Under Factor 2, the Court must consider the convenience of the forum. This federal forum is not convenient to the Defendants and places a burden on them. The Defendants are either residents or business entities operating in New York. As discussed above, none of these defendants have any contacts or conduct business in Kansas. All witnesses necessary for this action (with the exception of Plaintiffs) are located in New York. This creates an unnecessary burden and inconvenience on the Defendants. If this case proceeds, it will require Defendants to litigate the same issues with the same parties on two fronts. It is unreasonable for Plaintiffs to assert their causes of action in this Court rather than bringing the same issues as defenses or counterclaims before the Queens County court, which as discussed above has already asserted jurisdiction over the parties and subject matter giving rise to this case and will make its determination based on New York law.

Factor 3 questions the piecemeal results of competing litigation. Here, if either court reaches a conclusion before the other, the decision could have a negative impact on the remaining suit or end with contradictory results without a method for the parties to reconcile. By way of example, if this Court were to decide in Plaintiffs' favor as to their causes of action against Defendants, it is in effect holding out that the Defendants misbehaved by bringing the New York case. If the Court made such a conclusion before the resolution of the New York case, and thereafter the Queens County court entered judgment in favor of Defendant NYCB, the result of both cases are disjointed. It makes better sense for the Queens County court to resolve the New York, and *inter alia*, the underlying issues giving rise to Plaintiffs' causes of action. It has jurisdiction over the subject matter and the parties. It will apply New York law to resolve issues regarding real property located in that state. Under Factor 3 it is better to allow the Queens County court resolve the issues of these two cases, rather than obtaining staggered decisions with potentially opposite results.

Factor 4 requires an analysis of the order in which the competing courts obtained jurisdiction. In this case, the New York case has been pending since October 6, 2006. The Plaintiffs have filed a motion to dismiss the New York case and allege in that motion slander of title, blackmail, and seek sanctions against Forchelli and Cantanno, pursuant 22 NYCRR 130.1.1, the New York equivalent of Fed. R. Civ. P. 11. *See* Plaintiffs' Motion to Dismiss the New York case attached as Exhibit B. As recent as March 22, 2007, Plaintiffs filed a reply brief in the New York case. Eight days prior Plaintiffs filed their Complaint in the instant case on March 14, 2007.

Factor 5 scrutinizes whether the filing an action in another court is vexatious and in response to the other case. Here the Plaintiffs' Complaint is clearly vexatious and in response to

the Defendants' New York case. Aside from the New York case, Plaintiffs' have no independent cause of action against the Defendants. Plaintiffs' causes of action alleged in the instant case are predicated upon a finding of wrongdoing by the Defendants with regard to the New York cases. The present case is nothing but an effort by the Plaintiffs' to coerce the Defendants to gain leverage in the New York case. Furthermore, a finding of vexatious behavior by the Plaintiffs' here is simplified by the fact that the Plaintiffs raised in their motion to dismiss the New York case claims of slander of title, and blackmail and further seeking sanctions all based upon the Defendants supposed improper filing of the New York case. Thus raising these causes of action (in addition to a shotgun spray of other causes) in this case is purely an act of vexatious behavior.

Under factor 6 the question is whether federal law provides the rule of the decision. In this case the answer is simply, no, federal law does not apply. Because the New York case involves real estate located in that state, then that state's law will apply to determine the rights and interests of the parties. In the present case, insofar as the Court must analyze the propriety of actions taken by Defendants with regard to the New York case, it will require the application of New York law. The application of Kansas law pertaining to the foreclosure of real property is inapplicable here.

Factor 7 is examines the adequacy of the state court to protect the federal plaintiff's rights. Here, there is no better court that the Queens County court to pass judgment on and protect the Plaintiffs' rights within the framework of the New York case. The Queens County court has jurisdiction over the Laburnum property and the parties. The Plaintiffs, at the time NYCB filed the suit, were the record owners, required parties for the complete adjudication of a foreclosure action. Furthermore, to the extent the Plaintiffs assert that they have been damaged by NYCB's filing of an improper foreclosure action, then Plaintiff's issues and claims need to be

resolved by the Queens County court. Whether or not NYCB had factual and legal authority to bring the foreclosure action is a necessary determination by the Queens County court. Plaintiffs may raise defense and counterclaims in the New York case. The Queens County court may accept the Plaintiffs' evidence regarding the alleged misdeeds of the defendants. Likewise the court can, if evidence presents itself, deny NYCB the foreclosure and direct sanctions against Defendants pursuant to 22 NYCRR 130-1.1, if necessary. Plaintiffs will find all the legal protections and remedies to which it is entitled, if any, in the Queens County court. Although New York does not have a compulsory counterclaim rule, "a party is not free to remain silent in an action in which he is the defendant and then bring a second action seeking relief inconsistent with the judgment in the first action by asserting what is simply a new legal theory." *Santiago v. Lalani* 256 A.D.2d 397, 399, 681 N.Y.S.2d 577, 578 (N.Y.A.D. 2 Dept., 1998) (finding plaintiffs claims are barred by res judicata because the claims could have been raised as defenses in a prior action and, if accepted, would impair the defendant's rights established in the prior action). Thus, if the Queens County Court agrees that NYCB did present and pursue valid legal arguments under the facts presented, then Plaintiffs' causes of action asserted in this case are for naught and barred by res judicata because the issue of whether or not NYCB acted within the framework of the law would have already been fully adjudicated.

As set forth herein, the causes of action asserted in the present case encompass substantially similar issues and parties as the New York case and, therefore, pass they threshold test required for the *Colorado River* Doctrine. When the Court applies the seven factors, the balance falls in favor of the Queens County court continuing its adjudication of this case. For these reasons, this Court should dismiss all thirteen counts of Plaintiffs' Complaint alleged

against Defendants NYCB, Forchelli and Cantanno with a direction that these underlying issues be determined by the Queens County court.

## III. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AGAINST DEFENDANTS FORCHELLI AND CANTANNO BECAUSE THESE DEFENDANTS' CLIENT, NYCB, IS ADVERSE TO PLAINTIFFS, AND THEREFORE, NO DUTY IS OWED TO THEM.

### A. Attorneys Do Not Owe A Duty To Their Client's Third Party Adversaries.

The Plaintiffs allege thirteen tort based causes of action against Defendants Forchelli and Cantanno, all arising from their representation of Defendant NYCB in the New York case. In the Plaintiffs' Complaint there are no facts or causes of action against Forchelli or Cantanno alleging any actions that negatively impact the Plaintiffs outside the scope of their representation of NYCB. It seems irregular for a plaintiff to pursue claims against a law firm and individual attorney representing an adversary. The question here is whether an attorney (an his law firm) owes any duties or incur liability as to his own client's adversaries.

Generally there are three prongs to determine the duty between an attorney and one other than his client. If the attorney's client and the third party asserting a duty are adversaries, no duty arises on the part of the attorney. *Johnson v. Wiegers* , 30 Kan.App.2d 672, 678, 46 P.3d 563, 568 (2002) (finding that attorney owed no duty to client's spouse who was detrimentally effected by his assistance to client in removing spouse from IRA beneficiary designation); *see also Ames v. Uranus, Inc.*, No. 92-2170, 1994 WL 482626, *13, *17 (D.Kan. 1994) (unpublished decision) (finding plaintiffs may not claim that the attorney defendants owed a duty to them such that a claim of negligence is actionable). If the attorney and client never intended for the attorney's work to benefit the third party, then no duty arises. *Id.* Finally, if it is possible to conclude that the attorney and client intended for the attorney's work to benefit the third party, then the reviewing court must apply the *Pizel* balance to determine whether a duty arose in the

particular circumstances at hand. *Id.; see Pizel v. Zuspann* 247 Kan. 54, 67-68, 795 P.2d 42, 51 (Kan., 1990) (adopting six part balancing test where there was an intent that the attorney's work for client to create an inter vivos trust is intended to benefit third parties: (1) the extent to which the transaction was intended to benefit the plaintiffs; (2) the foreseeability of harm to the plaintiffs; (3) the degree of certainty that the plaintiffs suffered injury; (4) the closeness of the connection between the attorney's conduct and the injury; (5) the policy of preventing future harm; and (6) the burden on the profession of the recognition of liability under the circumstances).

As an alternative, the aggrieved party may raise a claim for sanctions under the appropriate rule for the jurisdiction. In New York, a party may seek costs and sanctions pursuant to 22 NYCRR 130-1.1, which is similar to Fed. R. Civ. P. 11. 22 NYCRR 130-1.1 provides for reimbursement of attorney's fees, expenses and other financial sanctions by the attorney, his law firm, or his client if engaged in frivolous conduct. *See* 22 NYCRR 130-1.1 (a) and (b). Conduct is deemed frivolous where it is completely without legal merit and cannot be supported by a reasonable argument for an extension, modification, or reversal of existing law. 22 NYCRR 130-1.1 (c)(1). Furthermore, conduct is frivolous if the action is undertaken with the purpose to delay or prolong litigation or to harass or maliciously injure another person or false material facts are presented. 22 NYCRR 130-1.1 (c)(2).

B. Forchelli and Cantanno Have Represented NYCB In An Adversarial Posture to Plaintiffs At All Times And Do Not Owe An Independent Duty To Them.

Defendants Forchelli and Cantanno have served as NYCB's counsel since Plaintiff Sheldon initiated the foreclosure of his judgment lien on the Laburnum property. In that foreclosure NYCB and Sheldon were adverse to one another. They had competing interests with

regard to the proceeds from the sale to satisfy their respective interests. In the New York case, Forchelli and Cantanno again represent NYCB to foreclose upon its mortgage lien. Whereas the Plaintiffs were the record owners of the Laburnum property at the time NYCB filed the New York case, NYCB and Plaintiffs remain adversaries. There are no set of facts to demonstrate that the legal services provided by Forchelli and Cantanno to NYCB were intended for the benefit of Plaintiffs.

Plaintiffs' thirteen causes of action against Forchelli and Cantanno, which are also aimed at NYCB as well, are all based on the presumption that Forchelli and Cantanno owed a duty to Plaintiffs not to file the New York case on behalf of NYCB. In this case, if the Court were to find that an party can bring a cause of action against his adversaries' attorneys would create a chilling effect in the bar. Attorneys must be given the latitude to effectively advocate while working within the scope of the Rules of Professional Conduct and Fed. R. Civ. P. 11 (and its state law equivalents). Attorneys do not owe any independent duty to their client's opponents.

Although Defendants NYCB, Forchelli and Cantanno adamantly deny Plaintiffs' allegations, Plaintiffs' remedy is to seek sanctions in the New York case. They have done so. Plaintiffs' motion to dismiss requests sanctions pursuant to 22 NYCRR 130-1.1. The Queens County Court may assess sanctions against Forchelli and Cantanno, if the court determines that they breached the rule by filing the New York case. The Queens County court is the proper jurisdiction and 22 NYCRR 130-1.1 provides the proper procedural method for determining whether Forchelli and Cantanno acted inappropriately by bringing the New York case. In the present case, all thirteen counts against Defendant Forchelli and Defendant Cantanno must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may

be granted because there is simply no duty owed to Plaintiffs by these defendant that give rise to these causes of action.

## CONCLUSION

For the foregoing reasons, Defendant New York Community Bank, Defendant Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn, LLP and Defendant James Cantanno respectfully request the Court issue an order dismissing all claims with prejudice against these Defendants and award Defendants costs of this action, including attorney's fees, and such other and further relief as the court deems just and proper.

Respectfully submitted,

/s/ Jere D. Sellers
Jere D. Sellers KS #16405
Michele M. O'Malley KS #20760
**STINSON MORRISON HECKER LLP**
1201 Walnut, Ste. 2900
Kansas City, MO 64108-4606
Telephone: 816.842.8600 Fax: 816.691.3495
E-Mail: jsellers@stinson.com
E-Mail: momalley@stinson.com

**ATTORNEYS FOR DEFENDANTS NEW YORK COMMUNITY BANK, FORCHELLI, CURTO, SCHWARTZ, MINEO, CARLINO & COHN, LLP AND JAMES CANTANNO**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically with the United States District Court for the District of Kansas on the 24th day of April, 2007, with a notice of case activity generated and sent electronically and/or copies mailed by first-class, United States mail, to:

| | |
|---|---|
| Darren K. Kearns<br>6703 W. 128th Terr., Suite 204<br>Overland Park, Kansas, 66209<br>kearnsd@sbcglobal.net<br><br>Attorney for Plaintiff | Matthew T. Geiger<br>W. Brian Gaddy<br>Gaddy Geiger & Brown PC<br>2345 Grand Blvd. – Suite 675<br>Kansas City, MO 64108<br>mgeiger@ggbtrial.com<br><br>Attorney for Defendants Tara Khanal, David J. Melo, Network Mortgage, Inc., Shams Uddin, Winzone Realty, Inc., Sweeney, Gallo, Reich & Bolz, LLP and Rosemarie A. Klie |
| Clinton Paul Woerth<br>Kozeny & McCubbin L.C.<br>4220 Shawnee Mission Pkwy.-Suite 200B<br>Fairwya, KS 66205<br>cwoerth@km-law.com<br><br>Attorney for Defendant Option One Mortgage Corporation | Abu B. Athar<br>20-37 46th Street, Apt. 2nd Floor<br>Astoria, NY 11105 |
| Winzone Realty, Inc.<br>45-72 Kissena Blvd.<br>Flushing, NY 11355 | Julie S.C. Wong<br>45-72 Kissena Blvd.<br>Flushing, NY 11355 |

/s/ Jere D. Sellers
Attorneys for Defendants