## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAVE SHELDON, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 07-2112-KHV |
| **TARA KHANAL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### ORDER

On August 19, 2008, the Court ordered that this case be transferred the United States District Court for the Eastern District of New York. See Order (Doc. #176). Although plaintiffs had previously filed an appeal to the Tenth Circuit Court of Appeals, the Court noted that it retained jurisdiction to transfer the case because plaintiffs had taken the appeal from nonappealable orders. See id. at 3.

On August 19, 2008, the Tenth Circuit tolled briefing on plaintiffs' appeal because it "is considering summary dismissal of this appeal for lack of appellate jurisdiction because all of the claims against all of the parties have not been finally adjudicated." Order (Doc. #177) at 1. The Tenth Circuit ordered plaintiffs to provide "a copy of a district court order entering either a final judgment or a Rule 54(b) certification." Id. While the Court retains jurisdiction over this case,[1] it

---

[1] The Court retains jurisdiction over this case until it is docketed in the Eastern District of New York. See Ptasynski v. Kinder Morgan G.P., Inc., 220 Fed. Appx. 876, 877 (10th Cir. 2007) (citing Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516-17 (10th Cir. 1991)) (transferor court has jurisdiction until matter docketed in transferee court). To date, the case has not been docketed in the Eastern District of New York.

notifies the parties and the Tenth Circuit that it has not entered final judgment and has not certified the case for interlocutory appeal.[2]

Rule 54(b), Fed. R. Civ. P., provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claim or parties only if the court expressly determines that there is no just reason for delay." In applying Rule 54(b), the Court weighs the "policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." Stockman's Water Co. v. Vaca Partners, L.P., 425 F.3d 1263, 1265 (10th Cir. 2005). Here, the Court finds no inequity which would result from delaying the appeal. As noted above, the Court has transferred this case – including the claims which are the subject of the appeal – to the Eastern District of New York, thereby allowing plaintiffs to prosecute the entire action on its merits. Under these circumstances, the policy of preventing piecemeal appeals prevails and the Court finds no reason to certify the appeal under Rule 54(b). See Justice v. Pendleton Place Apartments, 40 F.3d 139, 142 (6th Cir. 1994) ("Judicial economy generally is served best when appeals are presented in a unified package.").

**IT IS SO ORDERED.**

Dated this 20th day of August, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[2] Plaintiffs did not seek certification under Rule 54(b), Fed. R. Civ. P., before filing their notice of appeal.